IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DINO IACULLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv589-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In an opinion of the United States Court of Appeals for the Eleventh Circuit entered on August 10, 2016 (*Doc. No. 107*),[1] mandate issued on October 3, 2016 (*Doc. 108*) [*Iacullo v. United States, et al.*, No. 15-12370], the final judgment of this court entered on June 24, 2014 (*Doc. No. 88*), was vacated and remanded. The Eleventh Circuit held this court erred when it excluded the expert affidavit of Dr. Mark Maggert from consideration in ruling on Defendant United States' motion for summary judgment on Plaintiff Dino Iacullo's medical malpractice claim related to allegedly deficient dental work he received while incarcerated in federal prison. Iacullo brought his claim under the the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, seeking $5,000 in damages. After excluding Dr. Maggert's affidavit, this court found Iacullo had failed to establish a medical malpractice claim under Alabama law[2] and granted summary

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

[2] Under the FTCA, courts apply the law of the state in which the alleged tort occurred, including choice-of-law rules. *Gonzalez-Jiminez De Ruiz v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004). After noting that Iacullo's claim encompassed alleged acts or omissions that took place

judgment to Defendant. Upon finding this court erred in excluding Dr. Maggert's affidavit, the Eleventh Circuit vacated this court's judgment and remanded for this court to consider the affidavit in ruling on Defendant's motion for summary judgment.[3] Herein, that consideration.

## I. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[4] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials, and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477

---

in both Alabama and South Carolina, this court concluded that Alabama law applied. *See Doc. No. 65* at 10-12. The parties did not appeal that ruling.

[3] Under this court's orders, Defendant filed a "Special Report" addressing, among other things, Iacullo's claims and Defendant's defenses. *Doc. No. 24*. The Special Report includes medical and dental records relevant to Iacullo's claims and denies liability. This court treats the Special Report as a motion for summary judgment.

[4] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same; therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence to support some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-24.

Once this initial burden is met, the other party must "go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc*., 64 F.3d 590, 593-94 (11th Cir. 1995); *see also Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex,* 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *See Greenberg,* 498 F.3d at 1263.

## II. DISCUSSION

### A. Iacullo's Claims

The relevant procedural and factual background of this case is set out in some detail in the magistrate judge's report and recommendation ("R&R") entered on March 12, 2014.[5] *See Doc. No. 65* at 3-8. In brief, Iacullo argues that from 1997 to 2008, Bureau of Prisons ("BOP") dental staff at federal prisons in South Carolina and Alabama failed to properly treat two molars (his #19 and #30 molars) despite his repeated complaints and examinations by dental staff. Ultimately, the

---

[5] The district court adopted the R&R, granted summary judgment to Defendant, and later denied Iacullo's motion for reconsideration.

3

two molars were extracted while Iacullo was at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), "due to excessive loss of tooth structure, pulpal involvement, and bone loss around both teeth." Iacullo claims that the negligent acts and omissions of BOP dental staff resulted in the loss of his #19 and #30 molars, prolonged and unnecessary pain, and permanent disability and disfigurement if the molars are not replaced. *Doc. No. 1* at 5-6, && 4-6.

**B. Defendant's Motion for Summary Judgment**

In its motion for summary judgment, Defendant contends there is no genuine dispute on any material fact in this case. Defendant's motion details the BOP's policy on dental care. *Doc. No. 24* at 9. Defendant reiterates, for example, that emergency dental care is of the highest priority, that non-emergency care is based upon available resources and that policy-related judgments guide decisions. *Id.* at 9-10. Defendant concludes that Iacullo has cited no evidence that his care departed from BOP regulations or that his treatment fell below the applicable standard of care. *Id.* at 10. With its motion, Defendant includes an affidavit from a BOP dentist, Dr. Tanya Hollinshed-Miles, chief dental officer at FPC Montgomery. *Doc. No. 24 - Hollinshed-Miles Aff.* According to Dr. Hollinshed-Miles, Iacullo received appropriate dental care from the BOP. *Id.* at 7. She states that Iacullo was provided with dental cleanings and treatment regularly and that when it was determined that his #19 and #30 molars were not restorable, they were properly extracted in a timely manner.

**C. Affidavit of Expert Opinion Submitted in Response to Motion for Summary Judgment**

4

Iacullo submits the the affidavit of a dentist, Dr. Mark Maggert,[6] in opposition to Defendant's motion for summary judgment.[7] *Doc. No. 37 - Maggert Aff.* at 3. In preparing his affidavit, Dr. Maggert reviewed and evaluated Iacullo's dental treatment history during his federal incarceration, from 1997 through filing his complaint. After providing a detailed accounting of the treatment of Iacullo's #19 and #30 molars by BOP dental staff, Dr. Maggert sets forth the following opinion regarding the dental care received by Iacullo:

> 19. After being in the dental field for thirty (30) years, and upon review of all documents (e.g., Special Report with Attachments) and other documents not within the "Special Report" provided by Mr. Iacullo, it is my professional and objective opinion that the Dental care Mr. Iacullo received, beginning with #30 molar in 1997, then with #19 molar in 2006, both resulting in extractions, is unacceptable and well below the normal standard of care in either the private sector or the Military, in which I have practiced and experience in both fields.
>
> 20. The very poor and unacceptable standard of care given to Mr. Iacullo was brought about by more than one factor which include:

---

[6] Regarding his educational background and professional experience, Dr. Maggert states in his affidavit:

> 1. I obtained a Bachelors of Science (B.S.) degree in Zoology with honors from the University of Florida (August, 1970 - June, 1974). I obtained my Doctor of Dental Science (DDS) with Honors Cum Laude from Emory University School of Dentistry in Atlanta, Georgia (August, 1975 - June 1979).
>
> 2. I served in the U.S. Army in the Dental Corp as a Captain at Ft. McClellan, Alabama between June, 1979 and June, 1982.
>
> 3. I served in Periodontal Residency (specialist) at the University of Florida School of Dentistry (June, 1982 - June, 1984). From 6/1984 - 8/2010, private practice as a specialist and specialist not limited (12 years). General practice, 1996-2010 (14 years). Total years as practicing dentist and/or specialist: 30 - 31 years.

*Doc. No. 37 - Maggert Aff.* at 2-3.

[7] As previously noted, this court's exclusion of Dr. Maggert's affidavit from consideration in ruling on Defendant's motion for summary judgment was the basis for the Eleventh Circuit's reversal of this court's June 24, 2014 judgment.

> a) The fact that in 1997, it was noted by a dentist that a pulectomy and root canal was needed to try to save molar #30. No treatment was done at all after several years of neglect of Mr. Iacullo's dental needs (on #30 molar), despite being transferred to his designated Institution and seen by several Dentists over the next 5-10 years. Then #19 molar afterwards.
>
> b) The fact that only a temporary filling was provided to #30 molar starting in 11/3/1997, replaced six (6) years later on 12/2/2003, and then reinforced on 7/23/2007. Between these times/dates, the molars are exposed to unwanted wear and the patient is exposed to potentially dangerous infection(s) and the possibility of tooth loss.
>
> c) No x-rays were taken around the time of the extraction(s) of the molars. The last known x-rays in 2008 and no clinical documentation that probings were done, do not support bad perio. In fact, the bone, root, and tooth structures appear (on x-ray) to be good for restoration.
>
> 21. As I previously noted in paragraph #7 above, and upon review of the 2008 x-rays, I contend that both molars (#30 & #19) could have been restored by root canal (#19 may not have needed), and buildup with crowns, in that the x-ray showed good bone height, adequate perio (gum health), no abscess at the end of the root, and enough tooth to restore molars.
>
> 22. A decade or more of delayed care is unacceptable, and any/all Dentists are obligated to attend to a patient's needs timely and in a professional manner and with the standard of care being that any extractions are the last resort if known alternatives are available. These alternatives are in the BOP Policy Program Statements, but were not applied, discussed nor offered to Mr. Iacullo.

*Maggert Aff.* at 9-11, ¶¶ 19-22.

**D.   Application of Law to Defendant's Motion for Summary Judgment**

The FTCA imposes civil liability on the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *United States v. Muniz*, 374 U.S. 150 (1963); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

6

The primary purpose of the FTCA is to "remove the sovereign immunity of the United States from suits in tort, and with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962); 28 U.S.C. § 1346(b). The FTCA authorizes suit in the judicial district where the plaintiff lives or where the alleged tort occurred. 28 U.S.C. § 1402(b).

When analyzing an FTCA claim, courts apply the "whole" law, including the choice-of-law rules, of the state where the alleged act or omission occurred. *Richards*, 369 U.S. at 11; *Gonzalez-Jiminez De Ruiz v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004); *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004); *see* 28 U.S.C. § 1346(b). In the R&R of March 12, 2014, subsequently adopted by the district court, this court determined that Alabama law applies to Iacullo's medical malpractice claim brought under the FTCA. *See Doc. No. 65* at 10-12. As the Eleventh Circuit noted, the parties did not challenge that ruling on appeal. *Doc. No. 107* at 3.

Alabama law normally requires a plaintiff alleging medical malpractice to use expert testimony from a "similarly situated health care provider" to prove that treatment fell below the standard of care. *See* Ala. Code § 6-5-548(e); *Pruitt v. Zeiger*, 590 So.2d 236, 237-38 (Ala. 1991). Section 6-5-484(a) of the Alabama Code, which sets forth the standard of care for purposes of medical malpractice law in Alabama, states in pertinent part:

> In performing professional services for a patient, a physician's, surgeon's, or dentist's duty to the patient shall be to exercise such reasonable care, diligence and skill as physicians surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case.

Ala. Code § 6-5-484(a). And Alabama courts have held:

> To recover damages for an alleged breach of this duty, a plaintiff must produce evidence that establishes 1) the appropriate standard of care, *Keebler v. Winfield Carraway Hospital,* 531 So. 2d 841 (Ala. 1988); *Dobbs v. Smith*, 514 So. 2d 871

7

(Ala. 1987), 2) the doctor's deviation from that standard, *Keebler*; *Dobbs*, and 3) a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the plaintiff. *Ensor v. Wilson*, 519 So.2d 1244 (Ala. 1987); *Howard v. Mitchell*, 492 So.2d 1018 (Ala. 1986).

*Bradford v. McGee*, 534 So.2d 1076, 1079 (Ala. 1988). Unless the applicable standard of care would be obvious to a layperson, Alabama plaintiffs must "establish the defendant physician's negligence through expert testimony as to the standard of care and the proper medical treatment." *Pruitt*, 590 So.2d at 237-38.

Here, Iacullo has produced expert testimony, through Dr. Maggert's affidavit, in opposition to the summary judgment motion setting forth specific details concerning the applicable standard of care, the acts or omissions that allegedly violated the standard of care, and an outline of the chain of causation that allegedly resulted in injury to Iacullo. Considering the facts and evidence in the light most favorable to Iacullo, as required at this stage of the proceedings,[8] the court concludes that Iacullo has raised a justiciable claim of medical malpractice to preclude entry of summary judgment for Defendant. Iacullo has demonstrated genuine disputes of material fact whether negligent acts and omissions of BOP dental staff resulted in the loss of two of his molars and in prolonged and unnecessary pain. Consequently, Defendant's motion for summary judgment is due to be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment be DENIED; and

2. Iacullo's FTCA claim alleging negligent dental care should be allowed to proceed.

---

[8] *See Lee v. Ferraro*, 248 F.3d 1188, 1190 (11th Cir. 2002) (facts and evidence are to be considered in the light most favorable to the party opposing summary judgment).

   3. This matter be referred to the undersigned for an evidentiary hearing on Iacullo's claim of negligent dental care.

   It is further

   ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 10, 2017.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities*, Inc., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.DONE, this … day of February, 2016.

   DONE this 21st day of February, 2017.


          /s/ Terry F. Moorer
          TERRY F. MOORER
          UNITED STATES MAGISTRATE JUDGE